# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GARY CRAIG ROSALES,

    Petitioner,

vs.

Q. BYRNE, et al.,

    Respondents.

Case No. 3:16-cv-00003-RCJ-WGC

**ORDER**

Before the court are the amended petition for a writ of habeas corpus (ECF No. 15), respondents' motion to dismiss (ECF No. 25), petitioner's opposition (ECF No. 26), and respondents' reply (ECF No. 29). Also before the court are respondents' supplemental authorities (ECF No. 32), petitioner's response (ECF No. 35), and respondents' reply (ECF No. 36). The court finds that petitioner has not exhausted his state-court remedies for all of his grounds for relief, and the court grants in part the motion to dismiss.

**Procedural History**

Pursuant to a no-contest plea agreement, petitioner was convicted of five counts of discharging a firearm at or into an occupied structure and one count of aggravated stalking. Ex. 41 (ECF No. 17-15). Petitioner appealed. The Nevada Supreme Court reversed and remanded, holding that the state district court's involvement in the plea negotiations was improperly coercive. Ex. 52 (ECF No. 17-26).

Petitioner then went back to the state district court, with a different attorney and a different judge. After a jury trial, petitioner was convicted of seven counts of discharging a firearm at or into

1  an occupied structure, one count of aggravated stalking, one count of attempted murder with the use

2  of a deadly weapon, and one count of criminal anarchy. Ex. 95 (ECF No. 18-39). Petitioner

3  appealed. On February 27, 2012, the Nevada Supreme Court affirmed in part and reversed in part.

4  It held that the evidence was not sufficient to support the conviction for criminal anarchy, and it

5  affirmed all the other convictions. Ex. 113 (ECF No. 19-12). The state district court entered an

6  amended judgment of conviction on April 5, 2012. Ex. 116 (ECF No. 19-15).

7     On June 7, 2012, petitioner filed in the state district court a post-conviction habeas corpus

8  petition. Ex. 117 (ECF No. 19-16). The state district court denied the petition in a written order

9  filed on September 8, 2014. Ex. 132 (ECF No. 19-29). The state district court issued a notice of

10  entry of that order on October 6, 2014. Ex. 133 (ECF No. 19-30). Petitioner appealed. The Nevada

11  Supreme Court affirmed on October 15, 2015. Ex. 138 (ECF No. 19-35). Remittitur issued on

12  November 9, 2015. Ex. 140 (ECF No. 19-37).

13     On December 8, 2016, petitioner filed a motion for sentencing reconsideration in the state

14  district court. Ex. 141 (ECF No. 19-38). The state district court denied the motion on December

15  23, 2015. Ex. 144 (ECF No. 19-41).

16     Petitioner then mailed a proper-person habeas corpus petition pursuant to 28 U.S.C. § 2254

17  (ECF No. 6) to this court on December 29, 2015.[1] The court appointed counsel to represent

18  petitioner. Petitioner filed his amended petition (ECF No. 15) on October 28, 2016.

19  **Timeliness**

20  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run

21  from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the

22  expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in

23  violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

24  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

25  retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been

26  discovered through the exercise of due diligence.

27

28   [1]The file stamping of January 4, <u>2015</u> on the paper is erroneous.

-2-

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

The parties agree that original, proper-person petition (ECF No. 6) was timely filed. Respondents argue that the amended petition (ECF No. 15) is not timely filed, and that grounds 1, 2, 3, 4, 7, and 8 do not relate back to the original petition.

Respondents base their argument upon the entry of the amended judgment of conviction on April 5, 2012. Petitioner did not appeal that judgment, and thus the amended judgment became final with expiration of the time to appeal on May 7, 2012.[2] The time to petition the Supreme Court of the United States after the Nevada Supreme Court's decision expired on May 29, 2012.[3] Respondents argue that the entry of the amended judgment reset the limitation clock, such that the period of limitation started earlier than it otherwise would have started, which in turn means that the amended petition is untimely.

---

[2]The thirty-day time to appeal would have expired on May 5, 2012, but that was a Saturday.

[3]The ninety-day time to petition would have expired on May 27, 2012, but that was a Sunday, and the next day was Memorial Day.

-3-

1    Even if respondents are correct about the effect of the amended judgment, they have not

2    accounted for all the time tolled while petitioner's motion for sentencing reconsideration was

3    pending, specifically the time to appeal the denial of that motion.  Respondents have cited

4    unpublished decisions of the Nevada Supreme Court stating that no statute authorizes an appeal

5    from the denial of a motion for sentencing reconsideration, and thus the Nevada Supreme Court

6    lacked jurisdiction to consider the appeal.  However, one of the unpublished decisions that

7    respondents cite in their argument shows that the Nevada Supreme Court can construe a motion to

8    reconsider a sentence as a motion to modify a sentence.  See Cardona v. State, 2010 WL 4469428,

9    at *1 (Nev., Nov. 5, 2010).  Cardona held that a person no right to appeal from the denial of a

10   motion for a new pre-sentence investigation and reconsideration of sentence.  However, Cardona

11   also noted that to the extent that the motion was a motion to modify sentence, the motion did not fall

12   within the limited grounds stated in Edwards v. State, 918 P.2d 321, 324 (Nev. 1996).[4]  A person

13   can appeal the denial of a motion to modify a sentence.  This court has found other unpublished

14   decisions of the Nevada Supreme Court that construed motions for sentencing reconsideration as

15   motions to modify sentences and then held that the motions' claims were outside the limited

16   grounds for such a motion.  E.g., Costantino v. State, 2009 WL 1423463 (Nev., Jan 8, 2009).  Even

17   in this case, the prosecution construed the motion for sentencing reconsideration as a motion to

18   modify his sentence and then argued that petitioner's argument was not within the scope allowed by

19   such a motion.  Ex. 143 (ECF No. 19-40).  Given that the matter seems not to have been settled by

20   the Nevada Supreme Court, this court assumes that petitioner had a right to appeal from the denial

21   of his motion for sentencing reconsideration.

22         The time to appeal the denial of the motion for sentencing reconsideration makes the

23   amended petition timely by itself.  Between May 7, 2012, when the time to appeal the amended

24   judgment of conviction expired, and June 7, 2012, when petitioner filed his post-conviction habeas

25   corpus petition in state district court, thirty-one days passed.  The period of limitation then was

26

27         [4]"[A] motion to modify a sentence is limited in scope to sentences based on mistaken
     assumptions about a defendant's criminal record which work to the defendant's extreme detriment."
28   Edwards, 918 P.2d at 324.

tolled while the post-conviction habeas corpus petition was pending. The tolling ended after the Nevada Supreme Court issued its remittitur on November 9, 2015. Thirty days passed before petitioner filed his motion for sentencing reconsideration on December 9, 2015. The period of limitation again was tolled. The state district court denied the motion on December 23, 2015, and the time to appeal expired on January 22, 2016.[5] The period of limitation then resumed, and two hundred eighty days passed before petitioner filed his amended petition on October 28, 2016. A total of three hundred forty-one non-tolled days passed between the finality of the amended judgment and the filing of the amended petition, and thus the amended petition is untimely.

### Exhaustion

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

The parties agree that petitioner has not presented the claims in grounds 1, 2, 3, and 4 to the state courts.

Respondents argue that ground 6 is partly unexhausted. Petitioner's first counsel, whom the court will call "plea counsel," moved to suppress evidence obtained from a search of the apartment where petitioner and his mother were living. Plea counsel argued that petitioner's mother did not consent voluntarily to the search. Petitioner claimed in state court, and claims now, that plea counsel instead should have argued that the officers' initial entry into the apartment itself, before any consent could have been given, was illegal. That part of ground 6 is exhausted. Petitioner claims now that his second counsel, who represented him after the Nevada Supreme Court allowed him to withdraw his no-contest plea and whom the court will call "jury trial counsel," should have relitigated the motion on the basis of the initial illegal entry. This second claim was not presented to

_____

[5]Petitioner mailed his original, proper-person § 2254 petition to this court on December 29, 2015, while the time to appeal still was running. However, the federal petition does not toll the period of limitation. Walker, 533 U.S. at 181-82.

the state courts. However, on appeal from the denial of the state post-conviction habeas corpus

petition, the Nevada Supreme Court ruled:

> First, Rosales contends that trial counsel was ineffective for failing to move to suppress evidence on the basis that his mother's consent to a search of their apartment was tainted by the police officers' illegal entry into the apartment. He argues that evidence seized from the apartment should have been suppressed as fruit of the poisonous tree because the officers' warrantless entry into the apartment was not justified by exigent circumstances and the subsequent consent did not "cure" the illegal entry. We conclude that Rosales fails to demonstrate that counsel's performance was deficient or that he was prejudiced. Even if the entry into the apartment was impermissible under the Fourth Amendment, the mere fact of an illegal entry alone does not vitiate any subsequent consent to a search. Rather, the issue of whether the consent is valid depends on whether the consent was sufficiently attenuated from the illegal entry. See Wong Sun v. United States, 371 U.S. 471, 487-88 (1963); United States v. Furrow, 229 F.3d 805, 813-14 (9th Cir. 2000), overruled on other grounds by United States v. Johnson, 256 F.3d 895 (9th Cir. 2001); Howe v. State, 112 Nev. 458, 469-70, 916 P.2d 153, 161-62 (1996). Rosales argues only that the illegal entry tainted the consent; he fails to provide relevant authority or cogent argument as to whether the consent was sufficiently attenuated so as to dissipate the taint of the illegal entry. See Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Therefore, he fails to demonstrate that the district court erred in concluding that the consent was valid despite the warrantless entry and thus trial counsel was not ineffective.

Ex. 138, at 2 (ECF No. 19-35). This ruling has equal applicability to both plea counsel and jury trial

counsel. Nothing in the ruling indicates that it would have been different if petitioner had alleged

the ineffectiveness of both plea counsel and jury trial counsel. The Nevada Supreme Court

effectively exhausted the claim regarding jury trial counsel with its ruling. Sandgathe v. Maass, 314

F.3d 371, 376-77 (9th Cir. 2002).

Respondents argue that ground 7 is partially unexhausted. Ground 7 is a claim that counsel

provided ineffective assistance in litigating a motion to suppress petitioner's statements given in a

custodial interrogation. Plea counsel argued in trial court that petitioner had waived his rights under

Miranda v. Arizona, 384 U.S. 436 (1966), then asked for an attorney, but the interrogation

continued. In the state post-conviction habeas corpus petition and in the current action, petitioner

argues that plea counsel should have argued that petitioner's mental illness made his confession

involuntary, regardless of formal consent. This part of ground 7 is exhausted. Petitioner also argues

that jury trial counsel should have renewed the motion with the new argument. This part of ground

7 does not appear in the petitions filed in state court. However, at the start of the state-court

evidentiary hearing, post-conviction counsel informed the court that petitioner was challenging the

effectiveness of both plea counsel and jury trial counsel for not raising the issue that petitioner's

1 Miranda waiver was invalid and that his statements were involuntary due to his mental illness.  Ex.

2 127, at 3-5 (ECF No. 19-26, at 4-6).  On appeal from the denial of the petition, the Nevada Supreme

3 Court noted:

5 > His second trial counsel argued to the trial court that the statements should be suppressed as involuntary because Rosales was suffering from mental illness at the time, and the trial court found that the totality of the circumstances showed that the statements were voluntary.

7 Ex. 138, at 3 (ECF No. 19-35, at 4).  Petitioner presented the claim with respect to jury trial counsel

8 to the state courts, and the Nevada Supreme Court ruled on the merits of the claim.  Ground 7 is

9 exhausted.

10 Regarding grounds 1, 2, 3, and 4, petitioner argues that the court should consider them

11 exhausted because they would be procedurally barred as untimely and successive if he returned to

12 state court.  Petitioner then argues that the court should not consider them procedurally defaulted

13 because respondents did not raise that issue in their motion to dismiss.  The defense of procedural

14 default is not waived unless respondents do not raise it in an answer to the amended petition; a

15 motion to dismiss is not a "responsive pleading" within the meaning of the waiver rule.  Morrison v.

16 Mahoney, 399 F.3d 1042, 1045-47 (9th Cir. 2005).

17 Petitioner argues that he had ineffective assistance of post-conviction counsel.  Ineffective

18 assistance of post-conviction counsel can be cause to excuse a procedural default for a claim of

19 ineffective assistance of trial counsel.  Martinez v. Ryan, 566 U.S. 1 (2012).  The Nevada Supreme

20 Court has declined to adopt the rule of Martinez for the state-law procedural bars.  Brown v.

21 McDaniel, 331 P.3d 867 (Nev. 2014).  Petitioner thus argues that it would be futile for him to return

22 to the state courts, because the state courts would reject his arguments.

23 This argument is flawed.  Ground 1 is a claim that the trial court might have been biased.

24 Martinez does not apply to such a claim.  Grounds 2 and 3 each contain claims of ineffective

25 assistance of both trial counsel and appellate counsel.  Martinez does not apply to a procedurally

26 defaulted claim of ineffective assistance of appellate counsel.  Davila v. Davis, 137 S. Ct. 2058,

27 2065 (2017).  If cause and prejudice exist to excuse the procedural default of ground 1 and the

28 appellate-counsel parts of grounds 2 and 3, then the excuse would need to be for reasons other than

Martinez. However, other than <u>Martinez</u>, the state standards and the federal standards for cause and prejudice are the same. Petitioner needs to present his arguments for cause and prejudice to the state courts first. Petitioner notes that he is prepared to ask for a stay and abeyance of this action to do that.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 25) is **GRANTED** in part. Grounds 1, 2, 3, and 4 of the amended petition (ECF No. 15) are not exhausted.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of grounds 1, 2, 3, and 4, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

DATED: *MARCH 27, 2018*.

_____
ROBERT C. JONES
United States District Judge

-8-