UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARY CRAIG ROSALES,<br><br>    Petitioner,<br><br>    v.<br><br>DWIGHT NEVEN, et al.,<br><br>    Respondents. | Case No. 3:16-cv-00003-RCJ-WGC<br><br>**ORDER** |

This is a habeas corpus action under 28 U.S.C. § 2254. The court stayed and administratively closed the action while petitioner exhausted all his claims for relief in the state courts. ECF No. 47. The state-court proceedings have concluded, and petitioner has returned to the court with a motion to reopen (ECF No. 50) and a motion for leave to file second amended petition for a writ of habeas corpus (ECF No. 52). Respondents have not responded to either motion. Good cause appearing, the court grants petitioner's motions.

IT THEREFORE IS ORDERED that petitioner's motion to reopen (ECF No. 50) is **GRANTED**. The clerk of the court is directed to reopen this action and to lift the stay.

IT FURTHER IS ORDERED that petitioner's motion for leave to file second amended petition for a writ of habeas corpus (ECF No. 52) is **GRANTED**. Petitioner is directed to file and serve the second amended petition within 7 days of the date of entry of this order.

1   IT FURTHER IS ORDERED that respondents shall file a response to the second amended
2  petition, including potentially by motion to dismiss, within 60 days of service of the second
3  amended petition and that petitioner may file a reply within 30 days of service of an answer. The
4  response and reply time to any motion filed by either party, including a motion filed in lieu of a
5  pleading, shall be governed instead by Local Rule LR 7-2(b).

6   IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the
7  counseled second amended petition shall be raised together in a single consolidated motion to
8  dismiss.  In other words, the court does not wish to address any procedural defenses raised herein
9  either in serial fashion in multiple successive motions to dismiss or embedded in the answer.
10 Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.
11 Respondents shall not file a response in this case that consolidates their procedural defenses, if
12 any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any
13 unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims
14 under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and
15 (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2)
16 set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural
17 defenses, including exhaustion, shall be included with the merits in an answer.  All procedural
18 defenses, including exhaustion, instead must be raised by motion to dismiss.

19  IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall
20 specifically cite to and address the applicable state court written decision and state court record
21 materials, if any, regarding each claim within the response as to that claim.

22  IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies
23 of any electronically filed exhibits need not be provided to chambers or to the staff attorney,
24 unless later directed by the court.

25  DATED:  December 1, 2020.

                                                                    _____
                                                                    ROBERT C. JONES
                                                                    United States District Judge

2